NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JAMES RANDOLPH MILLER, *Appellant.*

No. 1 CA-CR 17-0013
FILED 6-7-2018

Appeal from the Superior Court in Yavapai County
No.  P1300CR201600705
The Honorable Jennifer B. Campbell, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Office of Nicole Countryman, Phoenix
By Nicole Countryman
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Paul J. McMurdie and Chief Judge Samuel A. Thumma joined.

---

**S W A N N**, Judge:

¶1        This case is an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), from James Randolph Miller's convictions and sentences for fraudulent schemes and artifices, and forgery. Miller did not file a supplemental brief.  We have reviewed the record for fundamental error.  *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  We find none.  We therefore affirm Miller's convictions and sentences.

¶2        The state charged Miller with several crimes, including fraudulent schemes and artifices, and forgery.  Miller pled not guilty, and the matter proceeded to a jury trial.

¶3        The state presented evidence that Miller was temporarily residing with Levi Hockersmith, who created counterfeit bills in his garage on a computer, and that Miller frequently used the computer as well. Hockersmith borrowed money from Miller, which he later repaid by giving Miller two twenty-dollar bills and two fifty-dollar bills.  On May 7, 2016, Miller went to two separate retailers and, with the intent to purchase goods, passed a counterfeit twenty-dollar bill at the first retailer, and a counterfeit fifty-dollar bill at the second retailer.  On May 9, 2016, Miller went to a third retailer and passed the second counterfeit fifty-dollar bill.

¶4        On May 18, 2016, Detective Scott Rudolph and several other police officers obtained a search warrant and searched Hockersmith's residence.  Officers walked into Hockersmith's open garage, where they found him in front of a computer screen displaying images of counterfeit money. The garage also contained printers to print the bills.  After arresting Hockersmith, officers entered the home and found Miller.  Detective Rudolph placed Miller in custody, read him his *Miranda*[1] rights, and told him that he had a few questions. Detective Rudolph asked Miller if he knew where the money came from and Miller responded, "[Y]eah.  I knew.  I

---

[1]        *Miranda v. Arizona*, 384 U.S. 436 (1966).

knew what – I've seen it.  I don't know what [Hockersmith] does to make [the counterfeit bills] though."   Detective Rudolph also asked Miller if Hockersmith informed him that the bills were counterfeit, and Miller responded, "No. . . .  [I] knew there was a possibility, definitely, but I did not really pry too much" and "I honestly couldn't figure out which ones were real, which ones weren't."

¶5        A jury found Miller guilty of one count of fraudulent schemes and artifices, and of four counts of forgery.  At the aggravation hearing, Miller admitted that he was previously convicted in September 2014 for larceny, a class three felony, and that he was on felony release for a separate felony when he committed the underlying crimes.  Miller also admitted that he committed the underlying crimes for financial gain.

¶6        The foregoing evidence was sufficient to support Miller's convictions.  A person commits fraudulent schemes and artifices when, "pursuant to a scheme or artifice to defraud, [he] knowingly obtains any benefit by means of false or fraudulent pretenses, representations, promises or material omissions," and he commits forgery when, with intent to defraud, he "[k]nowingly possesses a forged instrument" or "[o]ffers or presents, whether accepted or not, a forged instrument or one that contains false information."   A.R.S. §§ 13-2310(A), -2002(A)(2)–(3).  A "[f]orged instrument" is "a written instrument that has been falsely made, completed or altered."  A.R.S. § 12-2001(8).  The evidence of Miller's knowing receipt, possession, and passing of the counterfeit bills with the intent to receive pecuniary gain are sufficient to establish that he committed fraudulent schemes and artifices, and forgery.

¶7        Miller was present and represented at all critical stages, the jury was properly comprised and instructed, and there is no evidence of juror or prosecutor misconduct.  The state presented evidence of Miller's September 2014 conviction and the court properly imposed aggravated sentences based on the prior felony conviction, the crimes' commission for pecuniary gain, and Miller's felony-release status.  *See* A.R.S. §§ 13-701(D)(6), (11), -708(B).

¶8        Miller was permitted to speak at the sentencing hearing, and the court stated on the record the materials it considered and the factors it found in imposing sentence.  The court lawfully sentenced Miller to concurrent terms of 11.25 years' imprisonment for fraudulent schemes and artifices, and 6.5 years' imprisonment for each count of forgery.  *See* A.R.S. §§ 13-701(D)(6), (11), -703(I), -708(B), -2310(A), -2002(C).  The court properly

credited Miller with 208 days of presentence incarceration. *See* A.R.S. § 13-712(B).

**¶9**     Defense counsel's obligations pertaining to this appeal have come to an end. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Counsel need do nothing more than inform Miller of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *Id.* Miller has 30 days from the date of this decision to file a petition for review *in propria persona*. *See* Ariz. R. Crim. P. 31.21(b)(2)(A). Upon the court's own motion, Miller has 30 days from the date of this decision in which to file a motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED:  AA